UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHEILA ROBINSON; STEPHEN ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>ALVARADOSMITH, APC; JOHN M. SORICH; S. CHRISTOPHER YOO; LASHON HARRIS; CHRISTOPHER J. DONEWALD; ALYSON DUDKOWSKI; LASALLE BANK NATIONAL ASSOCIATION; EMC MORTGAGE, LLC; EDDIE CAMERON-AGENT FOR EMC; JPMORGAN CHASE & CO.; BANK OF AMERICA NATIONAL ASSOCIATION, DOES 1 through 5, inclusive,<br><br>Defendants. | Case No. 5:15-cv-01630 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL** |

Sheila and Stephen Robinson, who are representing themselves, sue for alleged violation of their civil rights. Their claims stem from underlying state court proceedings concerning the foreclosure and sale of property at 486 Churchill Park Drive in San Jose, California. The Robinsons contend that they still have a valid legal interest in the subject property.

In the instant action, the Robinsons allege that the defendants, through fraud and misrepresentation, wrongfully obtained judgment in the underlying state matters and violated the state court's discovery orders. They also claim that Stephen Robinson was not officially

dismissed as a party to those proceedings and that defendants wrongfully precluded him from presenting arguments and evidence to the state court.  The named defendants include banks and entities that reportedly were involved in or had an interest in the underlying state court proceedings, as well as the law firm (and several of its current and former attorneys) that represented them.  The Robinsons assert a claim under 42 U.S.C. § 1983 for alleged violation of their federal constitutional rights, as well as several state law claims for relief.

The Robinsons have each filed an application to proceed in forma pauperis (IFP).  An IFP application may be granted if the court is satisfied that the applicant cannot pay the requisite filing fees.  28 U.S.C § 1915(a)(1).  In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous."  Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  This court concludes that each of the Robinsons qualify financially for IFP status, and their IFP applications therefore are granted.  Even so, this court recommends that this matter be dismissed because the Robinsons have not pled a viable federal claim for relief.

The Robinsons' complaint asserts federal jurisdiction based on a claim under 42 U.S.C. § 1983 for alleged violation of their constitutional right to due process under the Fifth and Fourteenth Amendments.  The Fifth Amendment's due process clause only applies to the federal government.  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  The Robinsons do not assert claims against any federal defendants.  Nor does it appear that they could.  In any event, each of the named defendants is a private individual or entity; and, private individuals and entities do not act under color of state law, an essential element of a § 1983 action.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S.

949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals or entities. Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). The Robinsons' complaint is based upon defendants' alleged conduct as private litigants in the underlying state court proceedings. There is nothing to indicate that they acted under color of state law. Moreover, attorneys in private practice are not state actors. See Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").

Although the Robinsons have not named them as defendants, the complaint suggests that their claims are also based upon alleged misconduct by the state court judges in the underlying actions (see, e.g., Complaint at pp. 29-32). As to those allegations, this court finds that absolute judicial immunity applies. The Robinsons contend that the judges were biased, wrongfully failed to discipline defendants, wrongfully refused to make or issue certain findings, and entered allegedly erroneous judgments. It is well settled that even in civil rights actions brought pursuant to 42 U.S.C. § 1983, judges acting within their judicial jurisdiction are absolutely immune from liability for damages. Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). This immunity applies even where a judge is accused of acting maliciously or corruptly. Id. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978). As long as a judge has jurisdiction to perform the judicial act in question, he or she is immune "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," and without regard to the judge's motivation. Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L.Ed.2d 507 (1985) (internal quotations and citations omitted). Here, the record indicates that the complained-of conduct concerns alleged acts performed by the state court judges acting in their judicial capacity and within their judicial jurisdiction.

3

1   Moreover, to the extent the Robinsons seek to have this court review and reverse the state
2   court's judgments (see, e.g., Complaint at p. 41), this court lacks jurisdiction to do so. Under the
3   Rooker-Feldman[1] doctrine, a federal district court lacks jurisdiction to review the final
4   determinations of a state court in judicial proceedings. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir.
5   2003).

6   Accordingly, this court finds the Robinsons' claims are not cognizable under § 1983 and
7   that their complaint does not raise a substantial federal claim for relief. Nor is it apparent that they
8   properly could plead one. There being no valid federal claim to confer federal jurisdiction,[2] there
9   is no basis for the court to exercise supplemental jurisdiction over the Robinsons' state law claims.
10  Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002). Alternatively, this court
11  finds that it would be proper to decline to exercise supplemental jurisdiction over the state claims
12  under 28 U.S.C. § 1367(c).

13  Because the parties have yet to consent to the undersigned's jurisdiction, this court
14  ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further
15  RECOMMENDS that this matter be dismissed. Any party may serve and file objections to this
16  Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

17  Dated:   May 13, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

[2] Although the Robinsons do not allege diversity jurisdiction under 28 U.S.C. § 1332, this court finds no basis for it anyway. There is no showing that the requisite amount in controversy is satisfied. And, in any event, the record indicates that there is no complete diversity of citizenship between the parties. See Dkt. 1-1, Section III.

4

1  5:15-cv-01630-HRL Clerk sent copies of this order by U.S. Mail to:

2  Sheila Robinson
3  486 Churchill Park Drive
   San Jose, CA 95136
4
5  Stephen Robinson
   486 Churchill Park Drive
6  San Jose, CA 95136

5